IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-124-FL

| | |
|---|---|
| PERRY MURRELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

This matter comes before the court on motion for attorney's fees filed by plaintiff's counsel, Ms. Janet M. Lyles, Esq., pursuant to 42 U.S.C. § 406(b)(1).

## BACKGROUND

In the underlying litigation, plaintiff challenged defendant's final disability decision. Plaintiff filed a complaint in this court and defendant answered. The parties filed cross-motions for judgment on the pleadings with supporting memoranda of law. This court adopted the Memorandum and Recommendation by United States Magistrate Judge Kimberly A. Swank, granted plaintiff's motion, denied defendant's motion, and remanded to defendant pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

On June 6, 2014, the court awarded plaintiff $5,000.00 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On March 21, 2016, defendant issued a favorable decision approving plaintiff's application for benefits. Plaintiff's counsel seeks 25% of past due benefits payable to plaintiff per plaintiff's representation agreement attached to the memorandum in support of the motion, less the $6,000.00 administrative fee already paid by

the Social Security Administration, which is a total fee of $13,296.25.

In further support of the motion, counsel attached the benefits award, as well as a declaration and description as to the total amount of legal time spent in this matter 150.30 hours. The total amount spent before the Court was 75.90 hours: 65.20 hours for attorney time and 10.70 for support staff time. Counsel states that upon receipt of the § 406(b) fee award, counsel will reimburse to plaintiff the amount that counsel previously received as part of counsel's request for EAJA fees.

## DISCUSSION

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.A. § 406(b)(1)(A). The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in a particular case." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

"[A] reduction in the contingent fee may be appropriate when (1) the fee is out of line with' the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (quoting Gisbrecht, 535 U.S. at 808) In reviewing the request for fees, a "reviewing court should disallow 'windfalls for lawyers.'" Gisbrecht, 535 U.S. at 808

(quoting Rodriguez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989)).

Although there is no bright-line test for determining whether a fee will result in a "windfall," this court has considered several factors, including "(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." Perrigo v. Astrue, 5:08-CV-626-FL, 2012 WL 3903896 *4 (E.D.N.C. May 22, 2012) (quotations omitted); Abernathy v. Astrue, No. 4:08–CV–99–FL, 2011 WL 488657, at *2 (E.D.N.C. Feb. 7, 2011); see Mudd, 418 F.3d at 428 (identifying factors relevant to reasonableness as "the overall complexity of the case, the lawyering skill necessary to handle it effectively, the risks involved, and the significance of the result achieved in the district court.")

In this case, the court finds the fee reasonable based on consideration of all these factors. The fee is in line with the contingency-fee character of the representation that the results achieved, where counsel achieved a successful remand resulting in an award of benefits for plaintiff. Counsel did not unreasonably delay during the pendency of the case in court. The record evidences significant effort by counsel through pleadings which were not boilerplate, and through arguments which involved both real issues of material fact and required legal research. In addition, counsel evidences efficient handling of this case through experience in other social security case representation.

In sum, the court finds reasonable $13,296.25 in fees requested in this case. Accordingly the plaintiff's counsel will be awarded fees in this amount where they fall within the statutory maximum of 25 % of the total benefits awarded, pursuant to 42 U.S.C. § 406(b). Where counsel

was awarded prior EAJA fees, counsel will be required to "refund[] to the claimant the amount of the smaller fee," already received. Gisbrecht, 535 U.S. at 807.

## CONCLUSION

For the foregoing reasons, plaintiff's counsel's motion for approval of attorney's fees is ALLOWED in the full amount requested of $13,296.25. Counsel shall refund to plaintiff $5,000.00, the amount awarded pursuant to EAJA.

SO ORDERED, this the 15th day of August, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge